IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

ADEAN HILL, JR.,

     *Plaintiff,*

v.

BOBER LAW FIRM, PLLC, and
ZERORISK CASES, INC.,

     *Defendants.*

Civil Action No. 4:25-cv-01066

## DEFENDANT ZERORISK CASES, INC.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS WITH PREJUDICE

Defendant Zerorisk Cases Inc. ("Zerorisk") files this Motion to Enforce Settlement Agreement and Dismiss With Prejudice, and states as follows:

### I. INTRODUCTION

Before Plaintiff filed this lawsuit, Plaintiff Adean Hill Jr. and Defendant Zerorisk entered into a written Settlement Agreement and General Release (the "Settlement Agreement"). In that Settlement Agreement, Plaintiff agreed to fully and finally release all claims he had or may have had against the Defendants in this Cause, Zerorisk and ("Bober and Associates," or simply "Bober"), arising from the calling campaign at

issue, from the beginning of time through the effective date of the Settlement Agreement. Despite that release, Plaintiff subsequently made improper demands for payments exceeding those agreed to in the Settlement Agreement, and then filed this Cause asserting claims based on the same alleged calls and marketing campaign that were released in the Settlement Agreement. Plaintiff is also threatening to file a purported class action case involving the same released claims made the basis of this Cause. *See*, <u>Exhibit 1</u>, Plaintiff's Draft Class Action Complaint. The Court should enforce the Settlement Agreement and dismiss this case with prejudice.

## II. FACTUAL BACKGROUND

1. Prior to filing of this lawsuit, Plaintiff asserted claims and allegations against Zerorisk and Bober relating to alleged telephone calls and marketing activity directed to Plaintiff.

2. Although Plaintiff requested the calls complained on in writing, and consented to these calls in a recorded call and while acknowledging no fault or liability whatsoever, Defendant Zerorisk Cases Inc., agreed to enter into the written Settlement Agreement with Plaintiff in order to satisfy it's duty to protect and indemnify it's customer, Defendant Bober.

3. To resolve those disputes, Plaintiff and Zerorisk entered into the Settlement Agreement, effective in June 2025.

4. Under the terms of the Settlement Agreement, Plaintiff agreed to a broad release of all claims against both Defendants.

5. The Settlement Agreement provides that, upon payment in full, Plaintiff "fully and forever releases and discharges Zerorisk and Bober and Associates" and their related parties from all claims, known or unknown, accrued or not accrued, from the beginning of time to the effective date.

6. The Settlement Agreement further clarifies that, for the avoidance of doubt, the release includes Defendant Bober as well as Defendant Zerorisk.

7. The Settlement Agreement also provides that it may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action brought in breach of the Settlement Agreement.

8. After execution of the Settlement Agreement, Plaintiff filed this lawsuit asserting claims arising from the same allegedly unpermitted calls and marketing conduct that were resolved and released.

### III. ARGUMENT AND AUTHORITIES

A. *The Settlement Agreement Is Valid and Enforceable*

9. Federal courts have inherent authority to enforce valid settlement agreements resolving cases within their jurisdiction. Here, there is a written Settlement Agreement signed by Plaintiff and Defendant Zerorisk, supported by consideration that has been unable to be delivered because Plaintiff's

former attorney's bank account and wiring instructions could not be verified. Apparently, this counsel no longer represents the now *pro se* Plaintiff, and Plaintiff has failed to provide an alternate method of payment through which he is willing to accept the Settlement Agreement's consideration. The Settlement Agreement reflects a complete meeting of the minds regarding the resolution of Plaintiff's claims arising from the calling campaign at issue and should be enforced in its entirety.

10. The Fifth Circuit has long recognized that district courts possess inherent authority to enforce valid settlement agreements in cases pending before them. *See, e.g., Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 389–90 (5th Cir. 1984) (affirming district court's authority to enforce settlement agreement); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) (affirming district court order granting defendant's motion to enforce a settlement agreement). Under this authority, the Court may summarily enforce a settlement where the material terms are clear and undisputed.

B. *Plaintiff's Claims Are Barred by the Release*

11. The Settlement Agreement contains a broad release of all claims Plaintiff had or may have had against Zerorisk and through the effective date, June 18, 2025. The claims asserted in Plaintiff's Original Complaint arise from the same allegedly unwanted calls and marketing conduct that

predate the effective date of the Settlement Agreement. As such, Plaintiff's claims are barred by the release. Plaintiff cannot maintain this action after executing and refusing to accept the benefits of the settlement he accepted.

12. Courts routinely give effect to broad general releases that, by their terms, encompass all claims arising out of the events at issue. *See, e.g., Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1312–13 (5th Cir. 1983) (reversing district court's refusal to enforce Plaintiff's release as complete defense to later-filed claims).

C. *Bober Is an Express Third-Party Beneficiary*

13. Although Bober was not a signatory to the Settlement Agreement, Plaintiff expressly agreed to release "Bober and Associates." As such, Bober is a released party and an expressly-named third-party beneficiary entitled to invoke the release as a complete defense to Plaintiff's claims in this Cause.

D. *Injunctive Relief and Dismissal With Prejudice Are Appropriate*

14. Because Plaintiff's claims are barred by the Settlement Agreement and General Release, the Court should enforce the agreement and dismiss this lawsuit with prejudice. Dismissal will prevent Plaintiff from relitigating released claims and will give effect to the parties' bargain.

15. Plaintiff has demonstrated his willingness to file litigation despite the release, and because he agreed in the Settlement Agreement that

injunctive relief was appropriate, Defendant Zerorisk respectfully requests an Order from this Court enjoining Plaintiff from refiling released claims against Defendants or affiliated individuals, entities, agents, counsel, and representatives as authorized by the Settlement Agreement. Defendant further requests that the Court's Order provide clear and substantial sanctions for Plaintiff's continued unwarranted litigation activities.

### IV. PLAINTIFF'S PATTERN OF TCPA LITIGATION

16. On information and belief, Plaintiff has filed multiple other Telephone Consumer Protection Act lawsuits in this District and elsewhere arising from similar alleged telemarketing conduct, including: *Hill, Jr. v. Money Matchmaker Co., et al.*, No. 4:25-cv-00558 (E.D. Tex.); *Hill, Jr. v. B&R General Contracting LLC*, No. 4:25-cv-01140 (E.D. Tex.); *Hill, Jr. v. Law Office of Jonathan C. Frank & Associates, PLLC*, No. 4:25-cv-00939 (E.D. Tex.); *Hill, Jr. v. Debt Freedom Attorneys PLLC & Freedom Networks LLC*, No. 4:25-cv-01141 (E.D. Tex.); *Hill, Jr. v. Gerber Life Agency LLC, et al.*, No. 4:25-cv-01189 (E.D. Tex.); and *Hill, Jr. v. Amity One Tax*, 2025 WL 1592957 (N.D. Tex.). In *Amity One Tax*, the Court admonished Plaintiff for improper litigation conduct and deemed his motion unnecessary and defective. This pattern reflects that Plaintiff is an experienced and frequent TCPA litigant, and his decision to file this Cause after executing a broad settlement and release underscores the abusive nature of these proceedings.

## IV. PRAYER

Zerorisk respectfully requests that the Court enforce the Settlement Agreement, dismiss all of Plaintiff's claims against Zerorisk with prejudice, enter an injunctive Order prohibiting future litigation against these Defendants, and grant Zerorisk such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

By: */s/ Edward W. Allred*
    **Edward W. Allred**
    Texas Bar No. 50511764
    *Edward@AllredMediation.com*

**ALLRED LAW FIRM**
10500 Heritage Dr., Suite 102
San Antonio, TX 78216
Telephone: (210) 685-1845
*Admin@AllredMediation.com*

**ATTORNEYS FOR DEFENDANT, ZERORISK CASES INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 17, 2025, a true and correct copy of the above and foregoing was filed with the Court and served via the Court's CM/ECF system upon all of the parties registered to receive such notice.

    */s/ Edward W. Allred*
    Edward W. Allred

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADEAN HILL JR., on behalf of §
himself and all others similarly §
situated, §
§
    Plaintiff §
§
      *Versus* §
§
§     **Civil Action No.**
§
BOBER LAW FIRM PLLC, a Texas §
Professional Limited Liability Company, §
and ZERORISK CASES, INC., a §     **JURY DEMAND**
Wyoming Corporation §
§
§
§
§
§
Jane/John Doe

    Defendant

CLASS ACTION COMPLAINT

1

## INTRODUCTION

Plaintiff ADEAN HILL JR. (hereinafter "Mr. Hill" or "Plaintiff") individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants BOBER LAW FIRM PLLC (hereinafter "Bober Law") and ZERORISK CASES, INC. ("hereinafter "ZeroRisk") to stop their illegal practice of placing, through its telemarketers, unsolicited phone calls in violation of the Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC"). Mr. Hill alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

## PARTIES

1.      Plaintiff ADEAN HILL JR is an individual residing in or near Dallas, County Texas and was present for all causes of action complained of himself within Dallas, Texas.

2.      Mr. Hill may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3.      Defendant BOBER LAW FIRM PLLC is a professional limited liability company organized and existing under the laws of Texas and can be served via its registered agent Northwest Registered Agent LLC, 5900 Balcones Drive, Ste 100, Austin, Texas 78731.

4.      Defendant ZERORISK CASES, INC., is a corporation organized and existing under the laws of Wyoming and can be served via registered agent Registered Agents Inc., 30 N Gould St, Ste R, Sheridan, Wyoming 82801.

5.      Bober and ZeroRisk are collectively referred to as "Defendants."

2

**JURISDICTION AND VENUE**

6.     This action is brought by Mr. Hill pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7.     This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has pendent jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

8.     This Court has general personal jurisdiction over Defendant Bober because Bober is a Texas Professional Limited Liability Company.

9.     This Court has specific personal jurisdiction over Defendant ZeroRisk as they authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

10.     Venue of this suit lies in the Northern District of Texas, Dallas Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Northern District of Texas, as more specifically alleged below. Venue further lies in the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged himself occurred within the Northern District of Texas.

**STATEMENT OF FACTS**

11.     Bober Law is a Texas personal injury law firm.

12.     ZeroRisk is a corporation that makes outbound solicitation phone calls marketing the legal services of attorneys and law firms.

13.     Communications concerning a lawyer's services are, in part, dictated by Rule 7.01 of the Texas Rules of Professional Conduct.

14.     Rule 7.01 provides that a "solicitation communication" is a communication substantially motivated by pecuniary gain.

15.     Rule 7.03 of the Texas Rules of Professional Conduct prohibit certain forms of solicitation and other forms of communication.

16.     Namely 7.03(b) states "a lawyer shall not solicit through in-person contact, or through regulated telephone, social media, or other electronic contact, professional employment from a non-client, unless the target of the solicitation is . . .".

17.     At no time relevant to this complaint did Plaintiff fall into an exception carved into Rule 7.03(b) of the Texas Rules of Professional Conduct.

18.     7.03(b)(c) of the Texas Rules of Professional Conduct states "A lawyer shall not send, or transmit, or knowingly permit or cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence."

19.     Bober Law, contracted with ZeroRisk to make solicitation phone calls on behalf of Bober law.

20.     Bober Law had a reasonable responsibility to ensure that any agents or employees acting on its' behalf maintained the Texas Rules of Professional Conduct.

21.     Bober Law had and has a reasonable responsibility to ensure that the leads generated were not wrongfully obtained.

22.     Bober Law, through its authorized telemarketer ZeroRisk, uses telemarketing phone calls to promote their services.

23.    Mr. Hill is, and at all times mentioned himself was a "person" as defined by 47 U.S.C. § 153(39).

24.    Defendant ZeroRisk made phone calls containing prerecorded messages to Mr. Hill's personal cell phone without Mr. Hill's express written consent.

25.    Mr. Hill's telephone number 6388 is a residential number.

26.    Mr. Hill's telephone number 6388 is used for personal purposes and is not associated with business.

27.    Mr. Hill's telephone number 6388 has been registered on the National Do-Not-Call Registry since December 21, 2025.

28.    On February 12, 2025, at 1:31 PM, Mr. Hill received a phone call from telephone number 214-647-1683 containing a prerecorded message soliciting auto accident legal representation.

29.    The message was prerecorded because it sounded robotic in nature, was impersonal to Mr. Hill, and did not respond to questions Mr. Hill posed to determine whether it was a live call.

30.    Mr. Hill was eventually connected to a live agent named "Esha" who solicited Mr. Hill for legal representation. The call dropped and "Esha" immediately called Mr. Hill back from phone number 888-857-4164. "Esha" continued the solicitation.

31.    Mr. Hill went through the entire phone call as part of an investigation to ascertain the identity of who was responsible for the prerecorded phone calls.

32.    Mr. Hill received a contract via email that contained Defendant Bober Law's retainer agreement.

33.    At no point during the call was either Defendant actually identified.

5

34.    On February 18, 2025, Mr. Hill emailed Bober Law and alerted them of the TCPA and TBCC violations.

35.    On February 19, 2025, Mr. Hill received an email from Raquel Elizabeth from ZeroRisk informing Mr. Hill that ZeroRisk placed the phone calls on behalf of Bober Law.

36.    Defendant Bober is not registered to telephone solicit in Texas pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain any of the Defendant's registrations. Mr. Hill confirmed the lack of registration with a search on February 25, 2025.

37.    Defendants are aware, or should be aware, of the requirements for making TCPA sales-complaint phone calls and thus knew or should have known that the unauthorized telemarketing calls violates the TCPA and all of its regulations.

38.    Defendant Bober does not qualify for an exemption to the Texas telephone solicitation registration requirement.

39.    Mr. Hill and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## DEFENDANT BOBER IS LIABLE FOR TEXAS BUSINESS AND COMMERCE CODE REGISTRATION

40.    A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate. TBCC § 302.101(a).

6

41.    Telephone solicitation means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item. TBCC § 302.001(7).

42.    Salesperson means a person who is employed or authorized by a seller to make a telephone solicitation. TBCC § 302.001(4).

43.    Defendant Bober Law is the seller of legal services and is required to hold a telephone solicitation registration.

44.    Bober Law is vicariously liable for the phone calls placed by its "salesperson" Zero Risk.

## Class Action Allegations

45.    Mr. Hill incorporates by reference all other paragraphs of this Complaint as if fully state himself.

46.    Mr. Hill brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

47.    Mr. Hill proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class: All** persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Defendants (4) within a 12-month period.

**Robocall Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more call on their cellular telephone or any other protected telephone service (3) from or on behalf of Defendants, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**Texas Business and Commerce Code Sub-Class**: All persons in Texas who, (1) within four years prior to commencement of litigation until the class is certified (2) received one or more solicitation calls (3) from or on behalf of Defendants.

**Texas 82.0651 Subclass**: All persons in Texas who: (1) was solicited by conduct violating

7

Section 38.12(a) or (b) of the Texas Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons.

48.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Mr. Hill's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

49.     Mr. Hill and all members of the Classes have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

50.     The Class Action Complaint seeks injunctive relief and money damages.

51.     The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

52.     **Numerosity**: The exact number of the Class members is unknown and not available to Mr. Hill, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

8

53.     **Typicality**: Mr. Hill's claims are typical of the claims of other members of the Class, in that Mr. Hill and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited prerecorded phone calls.

54.     **Adequate Representation**: Mr. Hill will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Hill's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Hill has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Hill has retained competent counsel to prosecute the case on behalf of Mr. Hill and the proposed Class. Mr. Hill and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

55.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged himself apply to and affect the Class members uniformly, and Mr. Hill's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Mr. Hill.

56.     **Commonality and Predominance**: These are many questions of law and fact common to the claims of Mr. Hill and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

57.     These are numerous questions of law and fact common to Mr. Hill and to the proposed Classes, including, but not limited to, the following:

a.  Whether a pre-recorded message was used to send calls;

b.  Whether the pre-recorded calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the call;

c.  Whether multiple telemarketing calls were made promoting Defendants' goods or services to members of the National Do Not Call Registry Class;

d.  Whether Defendants' conduct constitutes violations of the TCPA;

e.  Whether Defendant Bober Law was registered to telephone solicit Texas residents;

f.  Whether Defendant Bober qualified for an exemption from the telephone solicitation registration requirement;

g.  Whether members of the Robocall Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

h.  Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendant's conduct;

58.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

59.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it

would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

60.    Mr. Hill, pursuant to local rules, shall move to certify this complaint as a Class Action.

### INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

61.    Mr. Hill realleges paragraphs one through sixty and incorporates them himself as if set forth his in full.

62.    The calls harmed Mr. Hill by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

63.    The calls harmed Mr. Hill by trespassing upon and interfering with his rights and interests in his cellular telephone.

64.    The calls harmed Mr. Hill by intruding upon his seclusion.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(Against All Defendants)**
**(On behalf of Plaintiff and the TCPA Class)**

65.    Mr. Hill realleges paragraphs one through sixty-four and incorporates them

himself as if set forth his in full.

66.    Defendants placed phone calls to Mr. Hill's and the Class members' cellular

and/or residential telephones without having their prior express written consent to do so.

67.    The calls were made for the express purpose of soliciting customers for Defendant

Bober Law's goods and services.

68.    When Mr. Hill and the Class answered, the calls played an artificial or

prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C.

§ 227(b)(1)(A)(iii).

69.    As a result of its unlawful conduct, Defendants repeatedly invaded Mr. Hill's and

the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. §

227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction

requiring Defendants to stop its illegal calling campaign.

70.    Defendants' telemarketer and/or their agents made the violating calls "willfully"

and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

71.    If the court finds that Defendants willfully and/or knowingly violated this

subsection, the court may increase the civil fine from $500 to $1500 per violation under 47

U.S.C. § 227(b)(3)(C).

**Second Cause of Action:**
**Violation of the TCPA "Sales Call/DNC" Prohibition 47 U.S.C. § 227(c) and 47 C.F.R. §**
**64.1200(C))**
**(Against All Defendants)**
**(On behalf of Plaintiff and the National Do Not Call Class)**

72.     Mr. Hill realleges paragraphs one through seventy-one and incorporates them herein as if set forth here in full.

73.     Defendants called Mr. Hill's private residential number which was successfully registered on the National Do Not Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

74.     Mr. Hill was statutorily damaged under 47 U.S.C. § 227(c)(3)(F) by Defendants, in the amount of $500.00 per call.

75.     Mr. Hill was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Mr. Hill requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

76.     As a result of the Defendants' violations of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2), Mr. Hill seeks $500.00 in statutory damages, or $1500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

77.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Mr. Hill also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing calls to cellular telephone numbers without the prior express written consent of the called party.

**Third Cause of Action:**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**

13

**(Against Defendant Bober Law)**
**(On behalf of Plaintiff and the Texas Subclass)**

78.     Mr. Hill realleges paragraphs one through seventy-seven and incorporates them herein as if set forth here in full.

79.     Defendant Bober's illegal solicitation sales calls to Mr. Hill and the putative classes without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

80.     The actions of Defendant Bober violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls through Defendant ZeroRisk to Texas residents without having a registration certificate and bond on file with the Texas Secretary of State.

81.     A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

82.     As a result of the Defendant Bober Law's violations of Texas Business and Commerce Code § 302.101, Mr. Hill and members of the class may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

83.     As a result of the Defendant Bober Law's violations of § 302.101, Mr. Hill and members of the class seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.


**Fourth Cause of Action:**
**Violations of 82.0651 Civil Liability for Prohibited Barratry**
**On Behalf of Plaintiff and the Texas 82.0651 Subclass**
**(Against All Defendants)**

14

84.    Mr. Hill realleges paragraphs one through eighty-three and incorporates them herein as if set forth here in full.

85.    Barratry is the solicitation of employment to prosecute or defend a claim with the intent to obtain a personal benefit. *State Bar of Tex. V. Kilpatrick*, 874 S. W.2d 656, 658 n.2(Tex.1994)

86.    Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct, entitled "Prohibited Solicitations and Payments," also addresses barratry. *See* TEX. DISCIPLINARY RULESPROF'L CONDUCT R. 7.03, reprinted in TEX. GOV'T CODE, tit. 2, subtit. G, app. A.

87.    Rule 7.03 provides, in relevant part, as follows:

(a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain....

As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. *Id*. R. 7.03(a), (f).

88.    In 1989, the legislature provided a civil remedy for barratry by enacting Government Code Section 82.065. *Neese v. Lyon*,479 S.W.3d 368, 376 (Tex. App.-Dallas 2015, nopet.)

89.    A person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a

result of that conduct, may file a civil action against any person who committed barratry. *See* Tex. Gov't Code §82.0651(c).

90.    A lawyer shall not send, deliver, or transmit, or knowingly permit or cause another person to send, deliver, or transmit, a communication that involves coercion, duress, overreaching, intimidation, or undue influence. *Id* at (c).

91.    At no time relevant was Plaintiff or members of the respective class considered an exception to the solicitation rules pursuant to Tex. R. Disc. Prof'l Con 7.03.

92.    Plaintiff and members of the respective class were targeted by Defendants through their overreaching advertising campaign that relied on mass calling residential telephone numbers.

93.    Defendants' actions of soliciting clients through hundreds if not thousands of calls is by definition exerting undue influence.

94.    Defendants' conduct violated at least Section 38.12(b) of the Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

95.    Plaintiff and members of the respective class were solicited so that Defendant Bober Law would benefit financially.

96.    Pursuant to Tex. Gov't Code §82.0651(d) a person prevailing under subsection (c) shall recover from each person who engaged in barratry: (1) a penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ADEAN HILL JR., individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Mr. Hill as the Class representative and appointing his counsel as Class Counsel (after Plaintiff files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that the Defendant actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

F. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

G. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

H. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation

I. An award of $5,000.00 per call in statutory damages arising from each violation of the Texas Business and Commerce Code § 302.101;

J.  An order declaring that the Defendants actions, as set out above, violate Tex. Gov't Code

    § 82.0651;

K.  An award of $10,000 from each person guilty of the offense of barratry to Plaintiff and to

    each member of the respective class;

L.  An injunction requiring Defendants to cease sending all unlawful calls;

M.  An award of reasonable attorneys' fees and costs; and

N.  Such further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Mr. Hill requests a trial by jury of all claims that can be so tried.

Dated this <sup>th</sup> day of March 2025.

                                            Respectfully Submitted,

                                            The Darwich Law Firm, LLC

                                            Omar F. Darwich
                                            Tx Bar No. 24124686

                                            6090 Surety Dr., #305

                                            El Paso, TX 79905

                                            (915) 671-2221
                                            omar@darwichlegal.com

                                            **ATTORNEY FOR PLAINTIFF**